# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JUSTIN EARL ROBINSON,

        Plaintiff,

   v.                                  Case No. 2:18-cv-71
                                       Judge James L. Graham
COMMISSIONER OF SOCIAL         Magistrate Judge Chelsey M. Vascura
SECURITY,

        Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, Justin Earl Robinson ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for social security disability insurance benefits. This matter is before the Court on Plaintiff's Statement of Errors (ECF No. 12), the Commissioner's Memorandum in Opposition (ECF No. 18), and the administrative record (ECF No. 9). For the reasons that follow, the undersigned concludes that substantial evidence supports the ALJ's decision denying benefits. Accordingly, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner of Social Security's decision.

        I.        BACKGROUND

Plaintiff filed his application for Title II Social Security Disability Benefits on May 29, 2014, alleging that he had been disabled since May 13, 2014. (R. 314–20, 321–27). On October 27, 2016, following initial administrative denials of Plaintiff's application, a hearing was held via

videoconference before Administrative Law Judge Anne Shaughnessy (the "ALJ"). (*Id.* at 132–61).

At the hearing, Plaintiff and Vocational Expert Suman Srinivasan (the "VE") testified, and Plaintiff's counsel was given an opportunity "to summarize the record, with regard to the argument for disability." (R. 148.) After pointing out recent MRI scans of Plaintiff's lumbar spine and his history of decreased range of motion, Plaintiff's counsel expressly requested that the ALJ consider Plaintiff's ankylosing spondylitis under Listing 14.09C (ankylosis of the dorsolumbar or cervical spine). (*Id.* at 149–50.)

On November 29, 2016, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 12–24.) At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff had not engaged in substantially gainful activity during the period from his alleged onset date of May 13, 2014. (*Id.* at 15.) The ALJ found at step two that Plaintiff had the severe impairments of ankylosis and degenerative disc disease of

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

the lumbar spine, intermittent explosive disorder, and major depressive disorder. (*Id.*) The ALJ noted that "[a]n MRI of the claimant's lumbar spine revealed multi-level ankylosing with degenerative changes. More recently, in April 2015, a new MRI of the claimant's lumbar and cervical spine continued to show changes consistent with spondyloarthropathy." (*Id.*)

The ALJ concluded at step three that Plaintiff did not, however, have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 15.) Specifically, the ALJ considered and rejected Listings 12.04 (affective disorders), 12.08 (personality disorders), and 1.04 (disorders of the spine). (*Id.* at 15–16.) The ALJ did not, despite Plaintiff's counsel's express request at the hearing, mention Listing 14.09C (ankylosis of the dorsolumbar or cervical spine) in her decision.

After setting forth Plaintiff's residual functional capacity ("RFC")[2], the ALJ relied on the hearing testimony of a vocational expert to conclude that Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. She therefore concluded that Plaintiff was not disabled under the Social Security Act during the relevant period. (R. 24.) In this action, Plaintiff challenges only the ALJ's failure to consider whether Plaintiff's impairments met or equaled Listing 14.09C. (Pl.'s Statement of Errors 5, ECF No. 12.)

## II. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to

---

[2] A claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1).

proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## III. ANALYSIS

Plaintiff argues that the ALJ's failure to consider Listing 14.09C requires remand. (Statement of Errors 9, ECF No. 12.) The Commissioner counters that any error by the ALJ was harmless, because Plaintiff has not directed the Court to sufficient evidence that his impairments

4

met or equaled Listing 14.09. (Resp. 9, ECF No. 18.) For the following reasons, the undersigned agrees with the Commissioner.

The relevant Social Security regulations require the ALJ to find a claimant disabled if he meets a listing. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). But neither the listings nor the Sixth Circuit require the ALJ to "address every listing" or "to discuss listings that the applicant clearly does not meet." *Sheeks v. Comm'r of Soc. Sec.,* 544 F. App'x 639, 641 (6th Cir. 2013). The ALJ should discuss the relevant listing, however, where the record raises "a substantial question as to whether [the claimant] could qualify as disabled" under a listing. *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir. 1990); *see also Sheeks*, 544 F. App'x at 641.

Plaintiff must therefore direct the Court to evidence in the record that raises "a substantial question" as to whether his impairment met or equaled Listing 14.09C. This Plaintiff has failed to do. The Sixth Circuit has held that "[a] claimant must do more than point to evidence on which the ALJ could have based his finding to raise a 'substantial question' as to whether he has satisfied a listing." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432–33 (6th Cir. 2014) (citing *Sheeks,* 544 F. App'x at 641–42 (finding claimant did not raise a substantial question as to satisfying the listing for intellectual disability where the ALJ's finding of borderline intellectual functioning simply left open the question of whether he meets a listing and where claimant pointed to only a few pieces of tenuous evidence addressing the listing)). "Rather, the claimant must point to specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing." *Id.* (citing *Sullivan,* 493 U.S. at 530 ("For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of the criteria, no matter how severely, does not

qualify.") and *Reynolds v. Comm'r of Soc. Sec.,* 424 F. App'x 411, 416 (6th Cir. 2011) (holding that it was not harmless error for the ALJ to fail to analyze Step Three as to an impairment found to be severe at Step Two where the claimant put forth evidence that could meet the relevant listing)). Absent such evidence, the ALJ does not commit reversible error by failing to evaluate a listing at Step Three. *Smith-Johnson*, 579 F. App'x at 433.

Plaintiff has not carried his burden to offer evidence that his impairment meets every requirement of Listing 14.09C. This listing requires:

> Ankylosing spondylitis or other spondyloarthropathies, with:
>
> 1. Ankylosis (fixation) of the dorsolumbar or cervical spine as shown by appropriate medically acceptable imaging and measured on physical examination at 45° or more of flexion from the vertical position (zero degrees); or
>
> 2. Ankylosis (fixation) of the dorsolumbar or cervical spine as shown by appropriate medically acceptable imaging and measured on physical examination at 30° or more of flexion (but less than 45°) measured from the vertical position (zero degrees), and involvement of two or more organs/body systems with one of the organs/body systems involved to at least a moderate level of severity.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 14.09C. Although Plaintiff points out, and the ALJ mentioned in her decision, that Plaintiff had medical imaging consistent with ankylosing spondylitis (R.15), Plaintiff does not point to any evidence in the record that would satisfy the criteria related to flexion or involvement of organs/body systems. And after these deficiencies were noted by the Commissioner in the opposition brief, Plaintiff declined to file a reply brief identifying the required evidence. As a result, because Plaintiff has not raised a substantial question as to whether his impairments could meet or equal Listing 14.09C, the ALJ's failure to consider that listing was harmless.

## IV.    DISPOSITION

In sum, from a review of the record as a whole, the undersigned concludes that substantial evidence supports the ALJ's decision denying benefits.  Accordingly, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner of Social Security's decision.

## V.    PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE