IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Justin Earl Robinson,

     Plaintiff,

     v.                   Case No. 2:18-cv-71

Commissioner of
Social Security,

     Defendant.

<u>ORDER</u>

Plaintiff Justin Earl Robinson brings this action under 42 U.S.C. §§ 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits. In her November 29, 2016, decision, the administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of ankylosis and degenerative disc disease of the lumbar spine, intermittent explosive disorder, and a major depressive disorder. PAGEID 56. The ALJ also found that plaintiff did not have a listed impairment. PAGEID 56-57. The ALJ concluded that plaintiff has the residual functional capacity to perform light work, with specified limitations. PAGEID 57-63. After considering the testimony of the vocational expert, the ALJ concluded that plaintiff was capable of performing jobs existing in significant numbers in the national economy, and that he is not disabled. PAGEID 64-65. This matter is before the court for consideration of plaintiff's November 9, 2018, objections to the October 26, 2018, report and recommendation of the magistrate judge, recommending that the decision of the Commissioner be affirmed.

## I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## II. Plaintiff's Objections

Plaintiff argues that the magistrate judge erred in concluding that remand is not warranted due to the failure of the ALJ to specifically address at step three of the disability analysis whether plaintiff's ankylosis satisfied the requirements of Listing

14.09C.    Listing 14.09C requires proof of ankylosing spondylitis
or other spondyloarthropathies with:

> 1. Ankylosis (fixation) of the dorsolumbar or cervical
> spine as shown by appropriate medically acceptable
> imaging and measured on physical examination at 45º or
> more of flexion from the vertical position (zero
> degrees); or

> 2. Ankylosis (fixation) of the dorsolumbar or cervical
> spine as shown by appropriate medically acceptable
> imaging and measured on physical examination at 30º or
> more of flexion (but less than 45º) measured from the
> vertical position (zero degrees), and involvement of two
> or more organs/body systems with one of the organs/body
> systems involved to at least a moderate level of
> severity.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, §14.09C.

At step three of the disability analysis, the ALJ must
determine whether the claimant's impairment is of a severity
sufficient to meet or medically equal the criteria of an impairment
listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.    If the
impairment is of a severity sufficient to meet or medically equal
the criteria of a listing and meets the duration requirement in 20
C.F.R. §404.1509, then the claimant is disabled.  At step three of
the evaluation process, it is the burden of the claimant to show
that he meets or equals the listed impairment.  *Thacker v. Social
Sec. Admin.*, 93 F. App'x 725, 727-28 (6th Cir. 2004)(citing *Buress
v. Sec'y of Health & Human Servs.*, 835 F.2d 139, 140 (6th Cir.
1987)).

The "good reasons" requirement applicable to treating
physician opinions does not apply to the step-three analysis.
*Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 364-65 (6th Cir.
2014).   Rather, the regulations governing the five-step inquiry

process only require the ALJ to consider all evidence in the case record, and, at step three, to consider the medical severity of the claimant's impairments. *Id.* at 365; *see also Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006)(ALJ not required to spell out every consideration that went into the step-three determination). The Commissioner's decision may be upheld where the ALJ made sufficient factual findings elsewhere in his decision to support the conclusion at step three. *Forrest*, 591 F. App'x at 366.

Although the ALJ did not specifically discuss Listing 14.09C in her decision, she did discuss medical records relevant to plaintiff's ankylosis. The ALJ noted: 2014 records concerning a lumbar spine image which revealed multi-level ankylosing with degenerative changes, and a physical examination in which plaintiff displayed full strength without evidence of diminished sensation or reflexes; a July, 2014, examination in which plaintiff showed a reduced range of motion but a negative straight leg raise with no evidence of muscle atrophy or decreased sensation; an October, 2014, neuromuscular examination with normal findings; a normal November, 2014, examination; a December, 2014, treatment record noting that plaintiff reported cutting a lot of firewood with an ax; records of an April, 2015, MRI showing changes consistent with spondyloarthropathy and a physical exam in which plaintiff displayed mild lateral instability but had normal sensation, strength and coordination; a February, 2016, examination showing only mild lateral instability and minimally decreased range of motion, with normal strength and coordination; an April, 2016, report from plaintiff that he injured his hand while pushing 60-70 pounds of logs out of a truck; a May, 2016, report that plaintiff's condition was improved by a medial branch block at the L2-5 levels;

and plaintiff's later reports of activities such as night fishing and dragging brush down a hill. PAGEID 59-60. This analysis supports the ALJ's finding that plaintiff's impairments did not meet or medically equal the severity of any listed impairment. PAGEID 57.

Even if the ALJ's factual findings fail to support the step-three determination, any error in that regard is harmless if the court finds, based on its own review of the record, that plaintiff has failed to show that his impairments met or medically equaled in severity the listed impairment. *Forrest*, 591 F. App'x at 366. The Sixth Circuit has held that remand due to the failure to discuss a listing is only appropriate when the record raises a "substantial question" over whether a claimant meets a listing. *See Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014); *Sheeks v. Comm'r of Soc. Sec.*, 544 F. App'x 639, 641-42. The claimant must do more than point to evidence on which the ALJ could have based her finding in order to raise a "substantial question" as to whether he has satisfied a listing. *Sheeks*, 544 F. App'x at 641-42. Rather, the claimant must point to specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

As the magistrate judge correctly noted, PAGEID 991, plaintiff failed to point to evidence which would satisfy either the degree of flexion requirement or the requirement of involvement of one or more organs/body systems specified in Listing 14.09C. The magistrate judge further observed that after the Commissioner pointed out this deficiency in the opposition brief, plaintiff did

not file a reply brief identifying the required evidence. PAGEID
991. Plaintiff has likewise failed to point to any specific record
evidence in his objections. Although plaintiff's counsel at the
administrative hearing invited the ALJ to consider Listing 14.09C,
counsel acknowledged that the "difficulty here is that nobody has
done measurements with the goniometer or the inclinometer." PAGEID
191. The court agrees with the magistrate judge's conclusion that
plaintiff has not raised a substantial question as to whether his
impairments could meet or equal Listing 14.09C.

Plaintiff notes that counsel at the hearing stated that "if
we're unable to resolve this case at Step 5[,] that we do consider,
perhaps, having him sent out for a more thorough exam, with those
measurements of the fixation done." PAGEID 191. Plaintiff argues
that the ALJ erred in failing to further develop the record.
However, an individual claiming disability "bears the ultimate
burden of establishing the existence of a disability." *Cotton v.
Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993). It was plaintiff's
burden to prove the severity of his impairments. *See Higgs v.
Bowen,* 880 F.2d 860, 863 (6th Cir. 1988). The ALJ had no special
duty to develop the record because plaintiff was represented by
counsel at the hearing. *Culp v. Comm'r of Soc. Sec.*, 529 F. App'x
750, 751 (6th Cir. 2013); *Norman v. Comm'r of Soc. Sec.*, 37 F.
App'x 765 (6th Cir. 2002). The ALJ was not required to assume the
role of counsel and aid plaintiff in developing the record. *See
Smith v. Comm'r of Soc. Sec.*, 572 F. App'x 363, 367-68 (6th Cir.
2014).

III. Conclusion

For the reasons stated above, the court concludes that any

error due to the ALJ's failure to specifically discuss Listing 14.09C at step three of the disability analysis was harmless because plaintiff has failed to demonstrate that the record raises a substantial question as to whether his impairment met or equaled the listing. The Commissioner's non-disability finding is supported by substantial evidence. The court overrules the plaintiff's objections (Doc. 23), and adopts and affirms the magistrate judge's report and recommendation (Doc. 22). The decision of the Commissioner is affirmed, and this action is dismissed. The clerk is directed to enter final judgment in this case.

It is so ordered.


Date: January 31, 2019      <u>    s/James L. Graham    </u>
                           James L. Graham
                           United States District Judge